UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEJANDRA BADILLO,

                       Plaintiff,

          v.

LO SEWING, INC., MARIA GALLEGOS, and SELIN LNU,

                       Defendants.

Case No.:

---

Plaintiff Alejandra Badillo, by her attorneys, New York Legal Assistance Group ("NYLAG") and Fisher Taubenfeld LLP, alleges the following against Defendants LO SEWING, INC. ("Lo Sewing", "Corporate Defendant"), MARIA GALLEGOS, and SELIN LNU ("Individual Defendants"):

## NATURE OF THE ACTION

1. This action arises in response to Defendants' wage and hour violations, including a failure to pay Plaintiffs all wages owed.

2. Plaintiff brings this suit under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") seeking compensatory, liquidated and punitive damages, unpaid overtime wages, pre-judgment and post-judgment interest and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5, 42 U.S.C. § 1981 and 29 U.S.C. § 201 *et seq.*

4. Plaintiff is a resident and citizen of the State of New York.

5. Defendant is a business corporation located and operating in the State of New York.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

### Plaintiff

8.  Plaintiff ALEJANDRA BADILLO is a resident of Brooklyn, New York.

9.  Plaintiff is a current employee of Lo Sewing.

10. Plaintiff was first hired by Lo Sewing in or around 2013.

11. Plaintiff briefly left the Corporate Defendant in 2017, and then returned in mid-February 2020.

12. Plaintiff has worked for a total of five years at Lo Sewing.

### The Defendants

13. Defendant LO SEWING ("Corporate Defendant") is a corporation headquartered and incorporated in New York.

14. At all times herein stated, Corporate Defendant is and has been an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times stated herein, Corporate Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that it has and has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person, and in that it has and has had an annual gross volume of sales made or business done of not less than $500,000.

16. Plaintiff handled tools and materials, such as sewing supplies, that traveled through interstate commerce.

17. At all times relevant to this action, Corporate Defendant is or was Plaintiff's employer within the meaning of 29 U.S.C. §§ 203(d) and 203(g), NYLL §§ 2(6), 191(3) and 651(6).

18. At all relevant times hereto, Corporate Defendant has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law.

19. At all relevant times, Individual Defendants have been Plaintiff's employers within the meaning of 29 U.S.C. §§ 203(d) and 203(g), NYLL §§ 2(6), 191(3) and 651(6).

20. Defendant Selin Lnu ("Defendant Selin") is the owner of Corporate Defendant and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting Plaintiff's schedule, assigning tasks to Plaintiff, reviewing Plaintiff's work, and setting Plaintiff's rate of pay. Defendant Lnu was Plaintiff's employer.

21. Defendant Maria Gallegos ("Defendant Gallegos") is an agent or employee of the Corporate Defendant who supervised Plaintiff and held supervisory authority over Plaintiff by, *inter alia*, assigning tasks to Plaintiff, controlling the terms and conditions of Plaintiff's work, and taking disciplinary action against Plaintiff. Defendant Gallegos hired Plaintiff, and is Plaintiff's employer.

22. Upon information and belief, Defendant Gallegos has worked for the Corporate Defendant for over 25 years.

## STATEMENT OF FACTS

### *Wage and Hour Claims*

23. Defendants have consistently failed to pay Plaintiff at the required federal and state minimum wage, have failed to pay required overtime wages, and have not provided the wage notices and statements required under New York State law.

24. Plaintiff receives one half-hour lunch break each day.

25. Plaintiff works more than forty hours per week, but is not paid at a rate of one and a half times her standard rate for all hours worked above forty.

26. Plaintiff is not paid regularly, receiving her pay between one and three weeks apart. There is no standard pay day.

27. On occasion, Plaintiff has not received her pay for over a month.

28. Defendants pay their workers by piece of clothing completed, not by hours worked.

29. The pay Plaintiff receives varies from 10 cents to 80 cents per piece of clothing.

30. Plaintiff therefore does not receive a consistent amount of pay each week, despite working the same number of hours.

31. Defendants are therefore frequently failing to pay Plaintiff at the required federal or state minimum wages.

32. Defendant Selin has workers punch time cards to reflect that they are paid minimum wage, but in reality, Plaintiff is paid per item created.

33. Defendant Selin makes Plaintiff sign fraudulent time cards.

34. Plaintiff is paid entirely in cash.

35. Plaintiff is reluctant to refuse to sign these fraudulent cards in fear of not getting paid or other retaliation.

36. Defendant Lnu keeps all records and does not provide workers with any pay statements.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act Minimum Wage

37. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

38. Plaintiff is an employee of Defendants within the meaning of the FLSA. 29 U.S.C. § 203.

39. Defendant failed to consistently pay Plaintiff the federal minimum wage, in violation of 29 U.S. Code § 206.

40. Defendant's failure to pay Plaintiff lawful minimum wages was willful.

**41.** Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant Plaintiff's unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act Overtime

42. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

43. Plaintiff is an employee of Defendants within the meaning of the FLSA. 29 U.S.C. § 203.

44. Defendants failed to consistently pay Plaintiff the required overtime wage, in violation of 29 U.S.C. § 207.

45. Defendants' failure to pay Plaintiff lawful overtime wages was willful.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendant Plaintiff's unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## THIRD CAUSE OF ACTION

### New York Labor Law Minimum Wage

47. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

48. Plaintiff is an employee of Defendants within the meaning of the NYLL, including but not limited to NYLL §§ 2 and 651.

49. Defendants failed to pay Plaintiff at the New York State minimum wage, in violation of NYLL § 652.

50. Defendants' failure to pay Plaintiff lawful minimum wages was willful.

51. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid minimum wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## FOURTH CAUSE OF ACTION

### New York Labor Law Overtime Wage

52. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

53. Plaintiff is an employee of Defendants within the meaning of the NYLL, including but not limited to NYLL §§ 2 and 651.

54. Defendants failed to pay Plaintiff's overtime wages at an hourly rate of 150% of their regular hourly rate for each hour worked in excess of 40 per week, in violation of NYLL § 652 and 12 NYCRR § 142-3.2.

55. Defendants' failure to pay Plaintiff lawful overtime wages was willful.

56. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants Plaintiff's unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees, costs of the action and interest.

## FIFTH CAUSE OF ACTION

### For Failure to Notify Under the New York Labor Law

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring or a change to her pay rate, Defendants were obligated to provide her with a notice describing, *inter alia*, her hourly regular and overtime rates of pay.

59. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with her pay, that specified her rate of pay, hours worked, and the pay period.

60. Defendants failed to provide Plaintiff with a notice or paystub as required under §195 of the NYLL.

**61.** As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

### NYLL Failure to Timely Pay Wages

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. New York State Labor Law § 191 requires that a manual laborer be paid no less frequently than once a week.

64. Defendants unlawfully paid Plaintiff less frequently than once a week.

65. Defendants willfully and intentionally made these untimely payments in violation of the NYLL and supporting Department of Labor Regulations.

66. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that a judgment be granted as follows:

(a) Awarding Plaintiff unpaid overtime wages and liquidated damages under the FLSA;

(b) Awarding Plaintiff unpaid overtime wages and liquidated damages under the NYLL;

(c) Awarding Plaintiff penalties under the NYLL;

(d) Awarding Plaintiff pre-judgment and post-judgment interest;

(e) Awarding Plaintiff the cost of this action, together with reasonable attorneys' fees; and

(f) Awarding such other relief as this Court deems just and proper.

Dated: April 16, 2024
       New York, New York

Respectfully submitted,

*Michael Taubenfeld*
FISHER TAUBENFELD LLP
Michael Taubenfeld (michael@fishertaubenfeld.com)
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001

NEW YORK LEGAL ASSISTANCE GROUP
Elissa Devins (devins@nylag.org)
100 Pearl St 19th Fl.
New York, NY 10004
Phone: (212) 613-5000
*ATTORNEYS FOR PLAINTIFF*