UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALEJANDRA BADILLO,

                          Plaintiff,

          v.

LO SEWING, INC., SL SEWING INC., MARIA
GALLEGOS, SALIM ABOUHAMRA a/k/a
SALIM ABOHAMRA a/k/a SALIM HAMRA,
and RAFOUL ABOUHAMRA, a/k/a RAFOUL
ABOHAMRA a/k/a RAFOUL ABOU HAMRA

                          Defendants.

---

Case No.: 24-cv-02847-NRM-JAM

**DECLARATION OF MICHAEL
TAUBENFELD IN SUPPORT OF
DEFAULT JUDGMENT**

---

MICHAEL TAUBENFELD, Esq. declares under the penalty of perjury the following to be true:

1. I am an attorney duly admitted to practice in the state of New York and to the Bar of this Court, and I represent Plaintiff Alejandra Badillo in this matter. I am familiar with the facts and circumstances of this case as set forth herein.

2. Plaintiff commenced this action by the filing of a Complaint asserting six causes of causes of action: failure to pay overtime wages under the Fair Labor Standards Act ("FLSA") (first claim) and New York Labor Law ("NYLL") (second claim); failure to pay minimum wage under the FLSA (third claim) and NYLL (fourth claim); failure to provide proper notice of pay and pay stubs under the NYLL (fifth claim); and failure to timely pay wages under the NYLL (sixth claim). Plaintiff subsequently amended her complaint twice.

3. Defendants have failed to respond to the complaints. No Defendant is the minor or incompetent person is represented by a general guardian, conservator, or other fiduciary who has appeared.

1

4. No Defendant is in military service. We performed a Department of Defense Manpower Data Center search, which determined that Defendant Abouhamra is not in active duty status. We have been unable to perform a similar search for Defendant Gallegos and continue to perform the search, but Defendant Gallegos is Plaintiff's supervisor and not in active military service.

5. On and about September 3, 2025, I spoke with Abraham Hamra, Esq., an employment lawyer who advised me that Raful Abouhamra was his father and asked that we dismiss the case against him. He also advised that Defendant Salim Abouhamra is his uncle. Plaintiff ultimately dismissed the claim against Raful Abouhamra without prejudice.

6. Plaintiff now moves for an entry of Default Judgment as to liability and damages against all Defendants on all six pleaded causes of action under the FLSA and NYLL.

**ATTORNEY'S FEES AND COSTS**

7. Plaintiff is entitled to reasonable attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and New York Labor Law §§ 663 and 198. I have practiced labor and employment law with a focus on wage-and-hour matters since my admission to the New York Bar in 2008. I am a member of the New York chapter of the National Employment Lawyers Association and have been invited to give CLEs on the FLSA. I have served as class counsel in a FLSA case in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (JFB)(AKT) in which the court granted partial summary judgment for Plaintiffs and the class on liability and damages and have won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020).

8.  The requested hourly rate of $550 for my work is reasonable given current market rates for experienced FLSA practitioners in this jurisdiction, accounting for inflation and recent awards in similar cases.  The 9.4 hours I expended on this matter were reasonably necessary for drafting the complaints, meeting with clients, and drafting the default judgment paperwork. I am therefore requesting $5,170 in fees.

9.  Plaintiff seeks to recover $1,343 in total costs in this case. The requested costs are reasonable and invoices are submitted herewith. Costs are comprised of the following:  a) $405 in filing fees; and b) $938 in service of process expenses.  These costs were reasonably expended during this litigation and are recoverable.

10. In addition to Plaintiff's Declaration and Memorandum of Law, Plaintiff submits the following supporting documents and evidence:

    -   Second Amended Complaint as **Exhibit 1**.

    -   Proofs of Service as **Exhibit 2.**

    -   Certificates of Default as **Exhibit 3.**

    -   Damages Calculations as **Exhibit 4**.

    -   Attorney Timesheets in Support of Request for Attorneys' Fees as **Exhibit 5**.

    -   Receipts for Expenses in Support of Request to Recover Costs as **Exhibit 6.**

Dated: New York, New York
       July 13, 2026

                            FISHER TAUBENFELD LLP


                            _____/s/_____
                            Michael Taubenfeld, Esq.
                            *Attorneys for Plaintiff*
                            225 Broadway, Suite 1700
                            New York, New York 10007

3